**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

CARLOS BENITEZ,                          :

                 Civil Action No. 08-1812 (SDW)

         Petitioner,    :

            v.             :    **OPINION**

UNITED STATES DEPARTMENT               :
OF HOMELAND SECURITY,
et al.,                                :

         Respondents.   :

**APPEARANCES:**

Petitioner pro se                    Counsel for Federal Respondents
Carlos Benitez                       Michael E. Campion
Northern State Prison                Assistant U.S. Attorney
168 Frontage Road                    970 Broad Street
P.O. Box 2300                        Newark, NJ 07102
Newark, NJ 07114-2300

                           Counsel for State Respondents
                           Teresa A. Blair
                           Deputy Attorney General
                           P.O. Box 086
                           Trenton, NJ 08625

**WIGENTON,** District Judge

     Petitioner Carlos Benitez, a prisoner currently confined at

Northern State Prison in Newark, New Jersey, has submitted a

petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241[1] challenging his future detention pursuant to an Order of

_____

       [1] Section 2241 provides in relevant part:

     (a) Writs of habeas corpus may be granted by the
     Supreme Court, any justice thereof, the district courts

Removal.  The respondents are the United States Department of Homeland Security Bureau of Immigration and Customs Enforcement, District Director Andrea J. Quarantillo, Administrator Lydell S. Sherrer, and Robert Chertoff.

For the reasons discussed below, the Petition will be dismissed without prejudice as premature.

## I.  BACKGROUND

Petitioner is a native and citizen of Cuba.  In 1988, he was placed in the custody of the Immigration and Naturalization Service[2] presumably pursuant to a removal action.  Thereafter, he was released and required to report to a probation department in Chino, California.  Some time prior to February 16, 2007, a final Order of Removal was entered against Petitioner.[3]

---

and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

[2] The Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135, transferred the immigration enforcement functions of the Commissioner of Immigration and Naturalization (or any officer, employee, or component of the Immigration and Naturalization Service ("INS")) to the Secretary of Homeland Security.  As of March 1, 2003, the INS ceased to exist and its functions were transferred to the Department of Homeland Security.  The former INS's enforcement, detention, and removal functions are within the responsibility of the Bureau of Immigration and Customs Enforcement.

[3] None of the parties to this action have provided this Court with a copy of the final Order of Removal.  It is, however, referenced in the Detainer and there seems to be agreement as to

On May 26, 1999, Petitioner pleaded guilty to third degree aggravated assault with a weapon in the Superior Court of New Jersey, Hudson County, under Indictment No. 99-02-0150. Apparently, prior to sentencing, Petitioner left the state of New Jersey and, later in 1999, Petitioner was arrested and convicted in the state of Michigan, where he was confined for eight years.

Because of the existence of the Order of Removal, on February 16, 2007, the Bureau of Immigration and Customs Enforcement ("BICE") issued a detainer for Petitioner, directed to the Muskegon Correctional Facility in Michigan, where Petitioner was then confined pursuant to the Michigan conviction.

On March 21, 2007, Petitioner was released from confinement in Michigan to the custody of New Jersey officials, for sentencing and confinement with respect to the outstanding 1999 New Jersey conviction, of three years.  Petitioner's confinement pursuant to that sentence commenced June 21, 2007.  Petitioner's projected release date is June 27, 2009.[4]

In April 2008, while confined in Northern State Prison in Newark, New Jersey, pursuant to the 1999 New Jersey conviction, Petitioner filed this Petition for writ of habeas corpus, seeking

_____

its existence.  In this action, however, Petitioner is not challenging the Order of Removal.

[4] It is not stated in the record provided whether BICE has issued a new detainer to the New Jersey Department of Corrections.

to avoid future BICE custody under the final Order of Removal.
Specifically, Petitioner contends that the BICE should be
precluded from taking him into custody, pursuant to an alleged
detainer, upon completion of the New Jersey state sentence, and
that he should be placed under an order of supervision instead,
because previous attempts to remove Petitioner were unsuccessful;
future removal to Cuba pursuant to the Order of Removal is not
foreseeable; and repeated post-removal-order custody periods
violate the Due Process Clause.

## II.  ANALYSIS

Petitioner is not presently in the physical custody of BICE.
However, contrary to the contentions of the federal Respondents,
Petitioner meets the custody requirement of § 2241, for purposes
of challenging his anticipated future custody pursuant to the
final Order of Removal and an alleged detainer.[5]  The restraint

_____

[5] It is not clear whether a new detainer has been issued to
the New Jersey Department of Corrections.  Petitioner alleged in
Paragraph 12A of the Petition:

> The petitioner claims that NJDOC and the Federal
> District he being confined by the NJDOC Bureau of
> Prisons she make him eligible for "In Custody" at the
> time warrant or detainer is issued by U.S. Dept.
> Homeland Security, ICE and further should not be
> afterwards detained.

Respondents answered that they could neither admit nor deny the
allegations in this paragraphs because it was incomprehensible.
This Court, however, construes the paragraph as asserting that
Petitioner is "in custody" for purposes of § 2241 because a
warrant or detainer has been issued by BICE. Respondents have not
stated whether a new detainer has been issued.  In the absence of

imposed by the final Order of Removal, coupled with the intent to immediately take Petitioner into custody upon completion of his sentence as demonstrated by the alleged detainer, is sufficient to permit Petitioner to challenge his anticipated future custody for purposes of effectuating the Order of Removal. See, e.g., Galaviz-Medina v. Wooten, 27 F.3d 487, 493 (10th Cir. 1994); Hung Vi v. Alcantar, Civil Action No. 07-5527, 2008 WL 928340 (N.D. Cal. April 4, 2008) (collecting cases); Ceballos de Leon v.Reno, 58 F.Supp.2d 463, 469 n.14 (D.N.J. 1999).

In any event, the Petition must be dismissed as premature.

Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held

---

a contrary assertion by Respondents, this Court will accept Petitioner's assertion that a detainer is pending against him.

5

that such post-removal-order detention is subject to a temporal reasonableness standard.  Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable.  See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005).

Here, the applicable removal period has not yet begun to run.  See, e.g., 28 U.S.C. § 1231(a)(1)(B)(iii); Gregory v. B.I.C.E./D.H.S., Civil Action No. 06-4008 (SDW), 2007 WL 708856 (March 6, 2007) (removal period begins anew upon the happening of any of the events described in § 1231(a)(1)(B)); Michel v. INS, 119 F.Supp.2d 485, 498 (M.D. Pa. 2000) (same).  To state a claim under Zadvydas, the six-month presumptively-reasonable removal period must have expired at the time the Petition is filed; a prematurely filed petition must be dismissed without prejudice to the filing of a new Petition once the removal period has expired. See, e.g., Akinvale v. Ashcroft, 287 F.3d 1050, 1051 (11th cir. 2002); Fahim v. Ashcroft, 227 F.Supp.2d 1359, 1363 (N.D. ga. 2002); Monpremier v. Chertoff, 2007 WL 909575 (N.D. Fla. March 21, 2007).  Thus, this claim is not yet ripe.  See, e.g., Ferrer-chacon v. Department of Homeland Security, 2006 WL 3392930 (D.N.J. 2006).

Nor is there any basis for requiring the government to run the six-months presumptively-reasonable period concurrently with Petitioner's sentence.  The Supreme Court, in <u>Zadvydas</u>, explicitly held that civil detention for six months in order to attempt to effectuate removal comports with the requirements of due process.  533 U.S. 701.  In a related context, although federal law permits removal prior to the completion of a criminal sentence in narrow circumstances, <u>see</u> 8 U.S.C. § 1231(a)(4), federal courts have held that a prisoner has no right to compel such early removal and that there is no due process violation in requiring a prisoner to complete his sentence before removal or before the initiation of removal proceedings.  <u>See</u>, <u>e.g.</u>, <u>Phillips v. Nash</u>, 2005 WL 3440323, *4 (collecting cases). Similarly here, there is no due process violation in requiring Petitioner to complete his sentence before commencement of the removal period under § 1231(a)(1)(B)(iii).

The Petition will be dismissed without prejudice to Petitioner filing an appropriate petition should his future detention violate the due process requirements of <u>Zadvydas</u>.

7

III.  <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed without prejudice.  An appropriate order follows.


<u>S/Susan D. Wigenton</u>
Susan D. Wigenton
United States District Judge

Dated: January 12, 2009